**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Elijah Isaiah Wallace,<br><br>Defendant. | No. CR-21-01654-002-TUC-JCH (MAA)<br><br>**ORDER** |

Before the Court is the Government's "Motion for Stay of Release and Review of Magistrate Judge's Release Order" ("Motion") filed pursuant to 18 U.S.C. § 3145(a).[1] Doc. 139. The Government appeals Magistrate Judge Michael A. Ambri's order releasing Defendant Elija Isaiah Wallace to residential treatment. Doc. 138. For the following reasons, the Court will grant the Motion and order Defendant detained pending the resolution of his petition to revoke supervised release.[2]

**I.     Background**

On June 18, 2021, Defendant was arrested and charged with one count of conspiracy to transport illegal aliens for profit placing in jeopardy the life of any person and one count of transportation of illegal aliens for profit placing in jeopardy the life of any person. Doc. 1. The Complaint alleged Defendant was the front-seat passenger of a BMW that was apprehended after making a series of unsafe driving maneuvers, including nearly hitting a

---

[1] The Government also supplemented its Motion (Doc. 141).
[2] The Court finds these matters appropriate for resolution without an oral hearing. Fed. R. Civ. P. 78(b).

pedestrian, failing to yield to a Department of Public Safety Officer, and running a red light. *Id.* United States Boarder Patrol Agents found three undocumented noncitizens in the back seat of the vehicle, including a four-year-old child. *Id.*

Defendant was ordered released on his own recognizance to pretrial supervision on June 21, 2021. Doc. 8. On August 2, 2021, U.S. Pretrial Services filed a petition to revoke pretrial release, alleging Defendant had violated several conditions of his pretrial release, including submitting four positive urinalysis tests for THC and cocaine. *See* Doc. 24. Defendant was arrested, Doc. 28, admitted to two of the violations, Doc. 31, and on September 1, 2021, he was ordered released to residential treatment at Community Bridges, Inc. (CBI). *See* Docs. 34, 35. Pretrial Services later reported that Defendant continued to have compliance issues while at CBI (e.g., collecting contraband thrown over facility walls, using cigarettes), and prior to completing the program in November 2021, he had been given "his last opportunity for improvement" before he would be revoked from the program. Doc. 59 at 3.

On November 17, 2021, Defendant pleaded guilty to one count of conspiracy to transport aliens for profit placing in jeopardy the life of any person. *See* Docs. 50, 51. Before his sentencing, Pretrial Services filed another petition to revoke pretrial release, now alleging Defendant had submitted a urinalysis that yielded a positive result for alcohol. *See* Doc. 52. Defendant was ordered detained pending disposition. Doc. 62. On February 8, 2022, the Court gave Defendant a time-served sentence followed by 36 months of supervised release. *See* Doc. 74.

On June 21, 2023, U.S. Probation filed a petition to revoke supervised release. *See* Doc. 109. The petition alleged Defendant had committed an armed robbery and had, at various times, failed to report to his probation officer, be present at his residence for a scheduled visit, and attend his outpatient substance abuse treatment at CBI. *See id.* Defendant was arrested on December 10, 2024, and ordered detained pending further proceedings. *See* Docs. 120, 121. Defendant admitted to one of the allegations in the petition, *see* Doc. 124, and on February 26, 2025, the Court sentenced Defendant to seven

months in the Bureau of Prisons followed by twenty-four months of supervised release. *See* Doc. 130.

On October 16, 2025, Probation filed the instant petition to revoke supervised release, and an arrest warrant issued. Docs. 131, 132. The Petition alleges that Defendant moved out of his residence in mid-September 2025 without notifying his probation officer as required and failed to report to Probation as directed in early October. Doc. 131. Defendant was arrested—over a month after the arrest warrant issued—on November 24, 2025. Doc. 133. On December 5, 2025, Magistrate Judge Ambri held a detention hearing and thereafter ordered Defendant be screened for potential substance use treatment, setting a further detention hearing for December 19, 2025. *See* Docs. 136, 135. After Defendant was assessed and found to be a suitable candidate for treatment, Judge Ambri ordered Defendant released to residential treatment at CBI. *See* Doc. 138. The Government moved for a stay of release pending appeal, and this appeal followed. *See* Docs. 138, 139.

### III. Legal Standard

Under Federal Rule of Criminal Procedure 32.1(a)(6), when a defendant has been taken into custody for violating supervised release, a "magistrate judge may release or detain [a defendant] under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." *See also* § 3143(a)(1) ("[A] judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .").

Under 18 U.S.C. § 3145(a), if a magistrate judge orders a Defendant released, the Government "may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." A district court's review of a magistrate judge's detention order is de novo. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

**III.    Analysis**

Here, Judge Ambri found Defendant had shown by clear and convincing evidence that he is not a flight risk, "provided he participates in and completes residential substance abuse treatment," and ordered Defendant released to such treatment. Doc. 138. Judge Ambri relied in part on Defendant's assertions that he needed and wanted treatment, even though Defendant knows any time at CBI would not count towards his eventual sentence. The Government argues Defendant's actions since his initial arrest and pretrial release in 2021 are evidence that he is a flight risk. The Court agrees.

This is the fourth time a petition has been filed to revoke Defendant's pretrial or supervised release. Each time Defendant has been placed under the Court's supervision, he has blatantly disregarded the conditions of his release and has, at many times, failed to appear as directed. During his first period of supervised release, Defendant was arrested for armed robbery.[3] Most recently, Probation filed a petition to revoke supervised release, and an arrest warrant issued in mid-October 2025, but Defendant was not arrested until the end of November 2025. This is evidence that Defendant, after failing to notify his probation officer of his change of residence and to report to Probation as directed, may have been attempting to flee and avoid arrest entirely.

The Court understands Defendant's stated wish to attend treatment and is sympathetic. But the Court previously allowed Defendant to be released to the same inpatient treatment he seeks to participate in now, and though he eventually completed the program, he was nearly removed for noncompliance. Past performance is the best predictor of future performance, and Defendant's history is one of noncompliance. Defendant's

---

[3] Defendant argues consideration of Defendant's robbery conviction would be improper punishment for prior noncompliance, and the relevant consideration is whether Defendant presents a flight risk or danger to the community *now*. Doc. 142 at 4. Defendant was arrested for the robbery in 2023, and at the completion of that sentence in December 2024, he was taken into custody on the first petition to revoke supervised release. *See* Doc. 120. The Court sentenced Defendant to seven months in prison for violating his supervised release in February 2025. Doc. 130. Less than eight months later, another petition to revoke Defendant's supervised release issued. Doc. 131. Given the recency of the robbery conviction and Defendant's failure to follow the Court's instructions despite serving two prison sentences in the intervening years, the Court believes this offense is probative of his current risk.

- 4 -

promise that this time will be different is not enough to overcome this history and show by clear and convincing evidence that he is not a flight risk.

## V. Order

Accordingly,

**IT IS ORDERED granting** the Government's Motion for Stay of Release and Review of Magistrate Judge's Release Order (Doc. 139). Defendant shall remain in custody pending final disposition of the Petition to Revoke Supervised Release.

Dated this 8th day of January, 2026.

John C. Hinderaker
United States District Judge